UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-9349-CAS-(Ex) | Date | February 11, 2013 |
|---|---|---|---|
| Title | U S BANK NATIONAL ASSOCIATION V. GRANT GILMORE ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants

Not present                                        Not present

**Proceedings:**   (In Chambers:) ORDER REMANDING CASE TO THE LOS ANGELES SUPERIOR COURT

## I.   INTRODUCTION

On June 14, 2012, plaintiff U.S. Bank National Association as Trustee, Successor in Interest to Bank of America, National Association as Successor by Merger to Lasalle Bank NA as Trustee for Washington Mutual Mortgage Pass-Through Certificates Wmalt Series 2007-05 Trust, filed an unlawful detainer action in the Los Angeles County Superior Court against *pro se* defendants Grant Gilmore and Does 1 to 6, inclusive.

On August 14, 2012, defendant Gilmore filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446. See US Bank National Ass'n v. Grant Gilmore et al., 12-cv-07004-CAS-E, Dkt. No. 1. After issuing an order to show cause why the case should not be remanded and reviewing defendant's response, the Court remanded that case to the Los Angeles County Superior Court. See id. Dkt. No. 10.

On October 31, 2012, defendant Gilmore again filed a notice of removal to this Court. Defendant contends that this court has jurisdiction to hear the instant case because of violations of New York and federal law, including the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. Defendant also argues that this Court has jurisdiction pursuant to an expressly authorized exemption to the well-pleaded complaint rule under 28 U.S.C. § 1443. Finally, defendant asserts that diversity jurisdiction exists under 28 U.S.C. § 1332. See Dkt. No. 1. On January 14, 2013, the Court issued an order to show cause why this case should not be remanded. Dkt. No. 6. Defendant responded on February 4, 2013. After reviewing defendant's response, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-9349-CAS-(Ex) | Date | February 11, 2013 |
|---|---|---|---|
| Title | U S BANK NATIONAL ASSOCIATION V. GRANT GILMORE ET AL. | | |

## II.  ANALYSIS

As before, the notice of removal is untimely. Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, the action was initiated on June 14, 2012, yet defendants did not remove until October 31, 2012, long after the deadline.

Second, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007). Here, the only claim asserted by plaintiffs is for unlawful detainer against defendants. See Dkt. No. 1. Defendant cannot create federal subject matter jurisdiction by attempting to raise a defense under the federal securities laws or other body of federal law. See McAtee, 479 F.3d at 1145. Accordingly, the Court lacks subject matter jurisdiction based on a federal question. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Moreover, removal pursuant to 28 U.S.C. § 1443 also appears to be improper. To remove this case pursuant to 28 U.S.C. § 1443, defendant must satisfy a two-part test. See Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804 (1966); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28 (1966). Namely, defendant must demonstrate that: (1) as a defense to a civil action or prosecution, he has asserted "rights that are given to them by explicit statutory enactment protecting equal racial civil rights"; and (2) "that the state court upholds a statute or constitutional provision that orders the state court not to enforce those federally protected civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). Defendant's argument that the California non-judicial foreclosure statutory scheme falls qualifies as such is without merit. See Union Bank v. Lebow, 2012 U.S. Dist. LEXIS 60152, *3–4 (C.D. Cal. Apr. 27, 2012). Accordingly, 28 U.S.C. § 1443 does confer subject matter jurisdiction upon this Court over the instant case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | CV 12-9349-CAS-(Ex) | Date | February 11, 2013 |
|---|---|---|---|
| Title | U S BANK NATIONAL ASSOCIATION V. GRANT GILMORE ET AL. | | |

　　Finally, defendant also claims that the district court has subject matter jurisdiction based on diversity of citizenship, but defendant's argument is unavailing. See 28 U.S.C. § 1332. First, defendant is a resident of the forum state, and as a "local defendant," may not remove this action to federal court. 28 U.S.C. § 1441(b)(2). Second, the amount in controversy requirement is not satisfied. In unlawful detainer actions, the title to the property is not at issue—only the right to possession. See Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the complaint, rather than the value of the subject real property, notwithstanding defendant's arguments to the contrary. Id. Here, plaintiff seeks less than $10,000 in damages. See Dkt. No. 1. Therefore, the Court does not appear to have subject matter jurisdiction based on diversity of citizenship.

### III.　CONCLUSION

　　In accordance with the foregoing, the Court REMANDS this case to the Los Angeles County Superior Court. Defendant is admonished that any attempt to remove this action again may result in the imposition of monetary sanctions.

　　IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |